FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

JUN 2 4 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

HOWARD TOUNGET,

                Plaintiff,

   v.

CITY OF HEMET, et al.,

               Defendants.

)
)
)
)
)
)
)
)
)

No.  EDCV 08-464-SGL (AGR)

ORDER ADOPTING MAGISTRATE
JUDGE'S REPORT AND
RECOMMENDATION

Pursuant 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the Complaint, the Magistrate Judge's Report and Recommendation,  the objections to the Report and Recommendation, and all of the records and files. Having made a de novo determination, the Court agrees with the recommendation of the Magistrate Judge.

IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation is approved and adopted.

IT IS FURTHER ORDERED that Defendants' motions to dismiss the complaint are GRANTED.  The statute of limitations bars Plaintiff's three causes of action to the extent they are based on conduct that occurred before November 15, 2005.  The only conduct that is alleged to have occurred during the limitations period and that is

1  potentially actionable under Plaintiff's three causes of action are the towing incidents

2  alleged in January, February and March 2007.

3        IT IS FURTHER ORDERED that Plaintiff is granted leave to amend the first,

4  second, and third causes of action in accordance with the Report and

5  Recommendation within thirty days of the date of this Order.

6

7

8  DATED:   6 - 23 - 08

        STEPHEN G. LARSON

9        UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11  HOWARD TOUNGET,                      )   NO. EDCV 08-464-SGL (AGR)
12              Plaintiff,               )
13                                       )
          v.                             )
14                                       )   REPORT AND
    CITY OF HEMET, et al.,               )   RECOMMENDATION OF UNITED
15                                       )   STATES MAGISTRATE JUDGE
              Defendants.                )
16                                       )
17  _____)

18          The Court submits this Report and Recommendation to the Honorable

19  Stephen G. Larson, United States District Judge, pursuant to 28 U.S.C. § 636

20  and General Order No. 05-07 of the United States District Court for the Central

21  District of California.  For the reasons set forth below, the Magistrate Judge

22  recommends that the claims based on time-barred conduct be dismissed with

23  prejudice, and the remainder of the claims be dismissed with leave to amend.

24  ///
25  ///
26  ///
27  ///
28  ///

## I.

## SUMMARY OF PROCEEDINGS

On November 15, 2007, Plaintiff filed a complaint in Riverside County Superior Court.  On April 4, 2008, Defendants removed the case to this Court.  On April 14, 2008, Defendants filed a motion to dismiss.  On May 6, 2008, Plaintiff filed an opposition.  On May 13, 2008, Defendants filed a reply.

A hearing on the motion to dismiss was held on May 20, 2008.  At the hearing, the matter was deemed submitted.

## II.

## ALLEGATIONS IN COMPLAINT

Plaintiff names the following defendants:  City of Hemet ("City"); Hemet City Council; Lori Van Arsdale, City Council Member; Robin Lowe, City Council Member; Mark Searl, City Council Member and City Mayor; Eric McBride, City Council Member; Brian Christy, City Council Member; John Davidson, City Manager; Ricardo Dana, Chief of Police of the Hemet Police Department ("HPD"); Dean Evans, HPD Lieutenant; Joe Nevarez, HPD Sergeant; Matt Hess, HPD Officer; Jeremy Harris, HPD Officer; Tim Brewer, HPD Officer; Richard Masyzcek, Planning Director for the City Code Enforcement Department ("CED"); Mark Trabing, CED Supervisor; Greg Flannery, Senior Code Enforcement Officer for City; Lionel Martinez, Code Enforcement Officer for City; Chauncey Cummings, Code Enforcement Officer for City; Amerigo Giordano, Code Officer for City; and Rod Fuller, Code Enforcement Officer for City.  Plaintiff does not state in what capacity, individual and/or official, he is suing the individual defendants.

The complaint contains three numbered causes of action.  The first claim arises under 42 U.S.C. § 1983.  The second claim alleges conspiracies in violation of 42 U.S.C. §§ 1983, 1985.  The third claim is for supervisory liability.  Plaintiff seeks damages.

1        In November of 1996, Plaintiff ran for Hemet City Council. (Complaint ¶
2   30.) Also in November 1996, a senior code officer named David Oatman entered
3   Plaintiff's property, supposedly to identify the owner of a 1957 Chevrolet that had
4   a sign on it advertising Plaintiff's body shop. (*Id.* ¶ 31.)  Oatman ticketed the car.
5   (*Id.* ¶ 33.)  Oatman told Plaintiff he wrote the ticket because he was getting "heat
6   from the top" and it was an election year. (*Id.*)  Plaintiff filed trespassing charges
7   against Oatman. (*Id.*)

8        In late 1997 or early 1998, Plaintiff filed a complaint about a property
9   owned by John Petty, who "was a friend of the CITY council," because the
10  building was "dilapidated" and a safety danger. (*Id.* ¶ 35.)  Plaintiff complained
11  about the Petty property "for about nine years." (*Id.* ¶ 36.)

12       On October 22, 1998, criminal charges were filed against Plaintiff because
13  of various issues related to a property at 231 North Harvard. (*Id.* ¶ 37, 39.)
14  Plaintiff pled no contest, paid a fine, and was placed on probation for three years.
15  (*Id.* ¶¶ 41-42.)  Plaintiff was accused of violating his probation.  The City filed the
16  last probation violation on November 6, 2001. (*Id.* ¶¶ 44-49.)

17       On February 28, 2002, Plaintiff was found in violation of a city law that
18  prohibited portable advertising. (*Id.* ¶ 56.)  Two more years of probation were
19  added such that his probation extended from September 27, 1999, to June 27,
20  2005. (*Id.*)

21       In November of 2000 Plaintiff again ran for City Council.  In early
22  November 2000, Defendant Van Arsdale and her step-father knocked over
23  Plaintiff's campaign signs. (*Id.* ¶ 59.)  Plaintiff made a citizen's arrest of the step-
24  father. (*Id.* ¶ 61.)

25       In September of 2001 Plaintiff shut down his body shop. (*Id.* ¶ 58.)

26       In "early 2005" Plaintiff filed a complaint with City Code Enforcement about
27  properties at 231 and 225 North Harvard, both of which had new owners, the
28  Grim family. (*Id.* ¶ 62-63.)  Plaintiff complained about alleged zoning violations.

1   (*Id.* ¶ 63.) During "the last two years" Plaintiff logged "many complaints" about
2   the Grim family's properties. (*Id.* ¶ 64.) As of November 15, 2007, no action has
3   been taken on Plaintiff's complaints. (*Id.* ¶ 65.)

4        On January 9, 2007, Defendant Nevarez towed Plaintiff's trailer[1] from a
5   public parking lot which had no sign limiting parking. (*Id.* ¶ 66.) Nevarez said the
6   trailer was abandoned, posed a public hazard, and had an unsecured load for
7   transport. (*Id.* ¶¶ 66-67.) Nevarez knew Plaintiff and knew the trailer belonged to
8   him. (*Id.* ¶¶ 70-73.) On January 10, 2007, Plaintiff filed a complaint against
9   Nevarez about the towed trailer (*Id.* ¶ 76) and filed a complaint about city staff (*Id.*
10  ¶¶ 77-78). Plaintiff complained that "at a recent city council meeting" Nevarez
11  had pointed a taser at him. (*Id.* ¶ 79.) He also complained that Nevarez
12  threatened to impound Plaintiff's "grandstands" that Plaintiff had complained were
13  stolen. (*Id.* ¶ 83.)

14       On February 13, 2007, Plaintiff complained about a trailer that "appeared"
15  to be abandoned at 231 North Harvard. (*Id.* ¶¶ 84-85.)

16       On February 16, 2007, Defendants Giordano, Cummings, and Martinez
17  "removed" Plaintiff's pick-up truck from "private property" because it was
18  "abandoned." They knew the truck belonged to Plaintiff. (*Id.* ¶¶ 86-92.) On
19  March 5, 2007, Plaintiff requested in writing of Defendants Searl and Davidson
20  the "notice of intent to tow" the truck. (*Id.* ¶ 93.) Plaintiff alleges that he received
21  no notice. (*Id.* ¶¶ 94, 96.) On March 29, 2007, Plaintiff filed a request to have his
22  truck returned. (*Id.* ¶ 133.)

23       On March 8, 2007, Defendants Evans, Nevarez, Hess, Harris, Brewer,
24  Martinez, Fuller, Giordano, and Cummings began to remove two of Plaintiff's

25
26
27       [1] Cal. Vehicle Code § 630 defines "trailer" as "a vehicle designed for
28  carrying persons or property on its own structure and for being drawn by a motor
    vehicle and so constructed that no part of its weight rests upon any other vehicle."

1   trailers.[2] (*Id.* ¶¶ 99-106.)  One of the trailers was registered. (*Id.* ¶¶ 101, 107.)

2   The towing notices had an address of 202 N. State, whereas the trailers were

3   behind a tire shop at 222 N. State. (*Id.* ¶¶ 101, 110-116.)

III.

**STANDARD OF REVIEW**

6       "To state a claim for relief under section 1983, [a plaintiff] must plead two

7   essential elements: 1) that the Defendants acted under color of state law; and 2)

8   that the Defendants caused [the plaintiff] to be deprived of a right secured by the

9   Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114,

10   1117 (9th Cir.) (citation omitted), *cert. denied*, 522 U.S. 996 (1997).

11       A court may dismiss a claim upon a motion of the defendants or on its own

12   pursuant to FRCP Rule 12(b)(6) for "failure to state a claim upon which relief can

13   be granted." *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981). "Factual

14   allegations must be enough to raise a right to relief above the speculative level."

15   *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

16       In reviewing a complaint under this standard, the court must accept as true

17   the allegations of the complaint and construe the pleading in the light most

18   favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct.

19   1843, 23 L. Ed. 2d 404 (1969).  However, the "court is not required to accept

20   legal conclusions cast in the form of factual allegations if those conclusions

21   cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness*

22   *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citations omitted).

23       Material that is properly submitted as part of the complaint may be

24   considered on a motion to dismiss, and such material is not "outside" the

25   complaint if the complaint specifically refers to the document(s) and its

26   authenticity is not questioned. *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.

27   _____

28       [2] It is not clear whether one or both of the trailers were in fact removed.

5

1  (citations omitted), *cert. denied*, 512 U.S. 1219 (1994), *overruling on other*

2  *grounds recognized by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1121

3  (9th Cir. 2002).  A court may also properly consider material submitted as exhibits

4  to the complaint, as well as documents crucial to the plaintiff's claims, but not

5  explicitly incorporated in the complaint.  *Hal Roach Studios v. Richard Feiner &*

6  *Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990); *Parrino v. FHP, Inc.*, 146 F.3d 699,

7  705-06 (9th Cir. 1998) (citing, among others, *Branch*, 14 F.3d at 454), *cert.*

8  *denied*, 525 U.S. 1001 (1998).  A court may also properly consider matters of

9  public record, e.g., pleadings, orders and other papers on file in another action

10  pending before the court, records and reports of administrative bodies, or the

11  legislative history of laws, rules or ordinances.  See *Mack v. South Bay Beer*

12  *Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other*

13  *grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 111 S. Ct.

14  2166, 115 L. Ed. 2d 96 (1991).

15      In a pro se civil rights case, the complaint must be construed liberally to

16  afford the plaintiff the benefit of any doubt.  *Karim-Panahi v. Los Angeles Police*

17  *Dept.*, 839 F.2d 621, 623 (9th Cir. 1988).  Before dismissing a pro se civil rights

18  complaint for failure to state a claim, the plaintiff should be given a statement of

19  the complaint's deficiencies and an opportunity to cure them unless it is

20  absolutely clear the deficiencies cannot be cured by amendment.  *Id.* at 623-24;

21  *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

22                                          **IV.**

23  **THE STATUTE OF LIMITATIONS BARS CLAIMS FOR CONDUCT PRIOR TO**

24  **NOVEMBER 15, 2005**

25      Federal courts apply the forum state's personal injury statute of limitations

26  for section 1983 claims.  *Wallace v. Kato*, 127 S. Ct. 1091, 1094, 166 L. Ed. 2d

27  973 (2007); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999), *cert. denied*, 529

28  U.S. 1117 (2000).  "Federal courts also apply a forum state's law regarding

1  tolling, including equitable tolling when not inconsistent with federal law." *Id.*

2  (citations omitted).

3      "Federal law, however, governs when a claim accrues.  A claim accrues

4  when the plaintiff knows, or should know, of the injury, which is the basis of the

5  cause of action." *Id.* (citations omitted); *see also Wallace,* 127 S. Ct. at 1095;

6  *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132-33 (9th Cir.), *cert. denied*, 128

7  S. Ct. 669 (2007). "'The cause of action accrues even though the full extent of

8  the injury is not then known or predictable.'" *Wallace,* 127 S. Ct. at 1097 (citation

9  omitted).

10      In California, the applicable statute of limitations for personal injury actions

11  was one year until January 1, 2003.  Cal. Code Civ. Proc. §§ 340(3) & 335.1; *see*

12  *Fink*, 192 F.3d at 914; *Wilson v. Fountain Valley*, 372 F. Supp. 2d 1178, 1192

13  (C.D. Cal. 2004).  The current version of the statute became effective January 1,

14  2003, and provides for a two-year cause of action.  *Canatella*, 486 F.3d at 1132.

15  However, the current statute does not apply retroactively.  Any cause of action

16  that was more than one year old as of January 1, 2003 is governed by the

17  previous one-year statute of limitations.  *Id.* at 1132-33.

18      Thus, absent tolling, all claims based on conduct that occurred before

19  November 15, 2005, are time-barred.  Plaintiff contends that conduct before

20  November 15, 2005, is nonetheless actionable under two theories.

21      First, Tounget argues that the continuing violation doctrine applies to his

22  claims.  (Opposition at 4.)  Discrete acts that occurred outside the limitations

23  period are not actionable even if they are related to acts that fall within the

24  limitations period.  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d 1045, 1061 (9th

25  Cir. 2002) (applying *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101,

26  112, 122 S. Ct. 2061, 153 L. Ed. 2d 106 (2002); *see Ledbetter v. Goodyear Tire &*

27  *Rubber Co.*, 127 S. Ct. 2162, 2169, 167 L. Ed. 2d 982 (2007) (current effects

28  from acts outside the limitations period do not breathe new life into prior acts);

7

1    *Carpinteria Valley Farms, Ltd. v. County of Santa Barbara*, 344 F.3d 822, 828-29

2    (9th Cir. 2003) (time-barred acts cannot support § 1983 claim).  Therefore,

3    Plaintiff's first argument fails.

4         Plaintiff's second argument is that Cal. Code Civil Proc. § 352.5[3] tolled the

5    statute during the time he was on probation.  (Opposition at 4.)  However, § 352.5

6    applies to a defendant who has been ordered to pay restitution to a plaintiff.  *See*

7    *Jamies v. Hickey*, 199 Cal. App. 3d 595, 599, 244 Cal. Rptr. 859 (1988).  Plaintiff

8    does not allege that any defendant in this action was "under an order for

9    restitution as a condition of probation."  Therefore, Plaintiff's second argument

10   fails.[4]

11        Accordingly, all claims based on conduct that occurred before November

12   15, 2005, are time-barred.

13                                    **V.**

14              **FIRST CAUSE OF ACTION UNDER SECTION 1983**

15        Plaintiff claims that Defendants' conduct violated "his right to free speech,

16   due process, and equal protection."  (Complaint ¶ 140.)  He also claims that

17   Defendants' conduct violated his "substantive due process right to liberty."  (*Id.* ¶

18   141.)  Finally, Plaintiff alleges his right to equal protection was violated.  (*Id.* ¶

19   142.)

20        Plaintiff does not allege which acts violated which rights.  Regardless, the

21   only acts that are not time-barred and, therefore, *might* form the basis of a § 1983

22   —————————————

23        [3] Section 352.5 states: "If, after a cause of action accrues against a person, that person comes under an order for restitution as a condition of

24   probation with respect to the specific act or omission giving rise to such person's liability, the time during which the order is in effect is not a part of the time limited

25   for the commencement of such an action based upon that act or omission."

26        [4] Nor is Plaintiff's letter to City in March or May of 2007 or City's denial on May 15, 2007, relevant to the statute of limitations issue. (Opposition at 4; *see*

27   Complaint ¶ 25, Ex. A.)  Cal. Gov't Code § 910, the statute cited by Plaintiff (Complaint ¶ 25) involves the California Tort Claims Act, which is irrelevant here.

28   *See Curtis T. v. County of Los Angeles*, 123 Cal. App. 4th 1405, 21 Cal. Rptr. 3d 208 (2004).

1  claim are:  (1) the January 2007 towing; (2) the February 2007 towing; and (3) the

2  March 2007 towing.

3       **A.    Free Speech - Retaliation**

4       "To establish a First Amendment retaliation claim . . . a plaintiff must show

5  that (1) he was engaged in a constitutionally protected activity, (2) the defendant's

6  actions would chill a person of ordinary firmness from continuing to engage in the

7  protected activity and (3) the protected activity was a substantial or motivating

8  factor in the defendant's conduct." *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d

9  755, 770 (9th Cir. 2006) (citations omitted).  The burden then shifts to the

10  government to show that it would have taken the same action even in the

11  absence of the protected conduct.  *Id.*

12       Plaintiff does not allege which acts were retaliatory, or what constitutionally

13  protected activity formed the basis for retaliation.[5]  He states only that Defendants

14  have "taken action against Plaintiffs (sic) property within days of his filing

15  complaints." (Opposition at 5.)

16       Because the only acts that took place within the limitations period involve

17  towing of Plaintiff's truck and trailers, the Court examines Plaintiff's free speech

18  claim based on the towing allegations.  Plaintiff does not appear to allege that he

19  was engaged in any constitutionally protected activity that was a substantial or

20  motivating factor for the first towing in January 2007.  In fact, Plaintiff alleges the

21  opposite – Defendants first towed his property on January 9, and then he

22  complained about the taking later. (*See* Complaint ¶¶ 75-83.)

23       Plaintiff alleges that he complained to City Code Enforcement and Nevarez

24  about someone else's abandoned trailer on February 13, 2007. (*Id.* ¶¶ 84-85.)

25  Three days later, on February 16, 2007, Plaintiff alleges that Defendants

26  ───────────────

27      [5] In his opposition, he states that the ticket in 1996 was a retaliatory act for his running for City Council.  (Opposition at 5.)  However, that act is time-barred.

28  He also states that the 1998 criminal prosecution was a retaliatory act (*id.*), but that act, too, is time-barred.

1   Giordano, Cummings, and Martinez towed Plaintiff's pick-up truck from private

2   property without giving notice. (*Id.* ¶¶ 86-88, 96.)  Plaintiff claims that the three

3   defendants knew the truck belonged to Plaintiff. (*Id.* ¶¶ 89, 92.)  However,

4   Plaintiff does not allege the elements of retaliation set forth above.  Plaintiff does

5   not allege that the towing was in retaliation for the Plaintiff's complaint about

6   someone else's trailer on February 13, 2007.  Plaintiff does not allege any

7   connection between the complaint to City Code Enforcement and Nevarez, and

8   the towing by the three defendants Giordano, Cummings, and Martinez.

9          Plaintiff claims that the towing on March 8, 2007, by Defendants Evans,

10   Nevarez, Hess, Harris, Brewer, Martinez, Fuller, Giordano, and Cummings was

11   part of a vendetta against him. (*Id.* ¶¶ 97-106.)  Again, however, Plaintiff does

12   not allege the elements of retaliation set forth above.  Plaintiff does not allege a

13   connection between the complaints to Defendants Searl and Davidson on March

14   5, 2007, and the towing by the nine defendants.

15          If Plaintiff chooses to amend his complaint, he must allege sufficient facts

16   to satisfy the three elements of a retaliation claim.

17          **B.    Procedural  Due Process**

18          Plaintiff appears to argue a violation of procedural due process based on

19   Defendants' failure to give him notice in advance of the towings in January,

20   February and March 2007.

21          The Ninth Circuit recently stated that "[w]e have never held that

22   municipalities must always notify vehicle owners before towing." *Clement v. City*

23   *of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008).

24          The lack of a pre-towing *hearing* does not violate due process.[6]  *Scofield v.*

25   *City of Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988) (citation omitted).

26   _____

27          [6]  "[I]n situations where a predeprivation hearing is unduly burdensome in
     proportion to the liberty interest at stake . . . postdeprivation remedies might

28   satisfy due process." *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S. Ct. 975, 108
     L. Ed. 2d 100 (1990) (citation omitted).

Due process does not require advance notice before towing a car that is unregistered for more than one year from the date on which it is found parked on a public street. *Id.* at 764. "By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws.  If notice had to be given before a car with a year-old registration could be towed, it is likely the car would simply be driven away." *Id.* at 763-64.

The Ninth Circuit's decision in *Scofield* reviewed precedent indicating that due process does not require advance notice before towing a car that is illegally parked. *Id.* at 762-63.

The Ninth Circuit recently considered whether defendants violated a constitutional right to due process by impounding a car that was parked in violation of a valid PNO (planned non-operation) certificate.[7] *Clement*, 518 F.3d at 1092-93.  In *Clement*, the plaintiff parked her car in her residential hotel parking lot. *Id.* at 1092.  She no longer operated the car but instead had filed a PNO certificate ("PNO") with the DMV. *Id.*  The Glendale Police towed the car, believing that the car was parked in a public lot. *Id.*

The court in *Clement* held that the plaintiff's due process rights were violated and "that the government must attempt to notify the owner of a vehicle parked in violation of a valid PNO certificate before the government may tow and impound it." *Id.* at 1095-96.  Due process "do[es] not prescribe a particular

---

[7]  "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors:  First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976) (citation omitted).

1   procedure for giving notice; it is up to the government to develop a policy that will

2   result in sufficient notice being given to car owners before impoundment."[8]  *Id.* at

3   1095 n.9.  In addition, "there are numerous exceptions to the general rule" of

4   giving notice.  *Id.* at 1093.  "The government need not give notice in an

5   emergency, nor if notice would defeat the entire point of the seizure, nor when the

6   interest at stake is small relative to the burden that giving notice would impose."

7   *Id.* at 1093-94.

8         The *Clement* and *Scofield* courts described "a due process requirement

9   that notice be given . . . before police could tow apparently abandoned vehicles

10  that are otherwise legally parked."  *Id.* at 1096; *Scofield*, 862 F.2d at 764 ("giving

11  a pre-towing notice to the owner of an apparently abandoned vehicle encourages

12  removal of the car from its place of repose, which is the government interest such

13  a notice seeks to advance") (citation omitted).

14              **1.    January 2007 towing**

15        Plaintiff alleges that, on January 9, 2007, defendant Nevarez towed

16  Plaintiff's  trailer from a city "public parking lot that had no signage limiting

17  parking." (Complaint ¶ 66.)  The trailer alleges that the trailer had a valid and

18  current registration, and that Plaintiff was the registered owner.  (*Id.* ¶ 68.)

19  Plaintiff alleges that he parked the trailer in the lot on January 8, 2007, at 4:30

20  p.m.  (*Id.* ¶ 69.)  Defendant Nevarez stated that he towed the trailer because it

21  was abandoned, no one had given Plaintiff permission to park it in the lot, and the

22  trailer "was a public hazard and had unsecured load for transport or travel on the

23  highway or streets." (*Id.* ¶ 67.)  Plaintiff alleges that Nevarez knew that Plaintiff

24  was the registered owner.  (*Id.* ¶¶ 70-71.)  Plaintiff alleges that he did not receive

25  notice in advance of the tow.  (*Id.* ¶ 72.)

26

27         [8]  Thus, the issue is whether Defendants violated due process
28  requirements, not whether Defendants violated state or municipal laws.
   (Opposition at 6.)

1    At this stage of the proceedings, Plaintiff has alleged sufficient facts to

2  state a procedural due process violation based on the January 2007 towing.

3    **2.    February 2007 towing**

4    Plaintiff alleges that defendants Giordano, Cummings, and Martinez towed

5  Plaintiff's Toyota pick-up truck from private property. (*Id.* ¶¶ 86-88.) Plaintiff

6  alleges that the three defendants knew that the truck was his but that the

7  paperwork states that the truck was abandoned. (*Id.* ¶¶ 89-92.) Plaintiff alleges

8  he received no advance notice of the towing. (*Id.* ¶¶ 93-96.)

9    Plaintiff fails to state a procedural due process claim. If he chooses to

10  amend his complaint, he should allege whether the truck was registered and

11  whether the truck was lawfully parked.

12    **3.    March 2007 towing**

13    Plaintiff alleges that on March 8, 2007, defendants Evans, Nevarez, Hess,

14  Harris, Brewer, Martinez, Fuller, Giordano, and Cummings attempted to take two

15  trailers from "behind a local tire shop." (*Id.* ¶¶ 101-03.) Plaintiff alleges that he

16  was present at the time. (*Id.* ¶¶ 99, 104.) Plaintiff alleges that he told the

17  defendants that one trailer had valid registration, and that the other trailer "did not

18  need to be [registered] because it was used only off road, and not used or

19  transported on the streets or highways." (*Id.* ¶ 107-08.) Plaintiff alleges he told

20  defendants that the trailers were being worked on, and the manager of the tire

21  shop confirmed that to the defendants. (*Id.* ¶ 109.) Plaintiff alleges that notice of

22  the towing was defective. (*Id.* ¶¶ 114-16.) The complaint appears to allege that

23  one trailer was towed. (*Id.* ¶ 132.)

24    Plaintiff fails to state a procedural due process claim. The complaint does

25  not allege a failure to give advance notice, and does not state whether the trailers

26  were lawfully parked. If Plaintiff chooses to amend his complaint, he should

27  allege a procedural due process violation consistent with the legal standards set

28  forth above.

1    **C.    Substantive Due Process**

2          "[I]n a [substantive] due process challenge to executive action, the

3    threshold question is whether the behavior of the governmental officer is so

4    egregious, so outrageous, that it may fairly be said to shock the contemporary

5    conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S. Ct.

6    1708, 140 L. Ed. 2d 1043 (1998). "[T]he due process guarantee does not entail a

7    body of constitutional law imposing liability whenever someone cloaked with state

8    authority causes harm." *Id.* at 848. "[C]onduct intended to injure in some way

9    unjustifiable by any government interest is the sort of official action most likely to

10   rise to the conscience-shocking level." *Id.* at 849 (citation omitted).

11         Plaintiff does not allege that the towing(s) shock the conscience. *See Ivey*

12   *v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory

13   allegations of official participation in civil rights violations are not sufficient to

14   withstand a motion to dismiss.") (citations omitted). If Plaintiff chooses to amend

15   the complaint, he must allege additional facts to support a substantive due

16   process claim.

17   **D.    Equal Protection**

18         Plaintiff alleges that his right to equal protection was violated because

19   Defendants treated him "differently from other individuals similarly situated in the

20   community." (*Id.* ¶ 142.) To state an equal protection claim, Plaintiff must allege

21   that he "has been intentionally treated differently from others similarly situated

22   and that there is no rational basis for the difference in treatment." *Village of*

23   *Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060

24   (2000) (citations omitted). "A class of one plaintiff must show that the

25   discriminatory treatment "was intentionally directed just at him, as opposed . . . to

26   being an accident or a random act." *North Pacifica LLC v. City of Pacifica*, 2008

27   U.S. App. LEXIS 10257, *18 (9th Cir. May 13, 2008) (citation omitted).

28   ///

                                            14

1   Plaintiff has not sufficiently alleged an equal protection claim.  Plaintiff does

2   not allege that the towing lacked a rational basis.  Moreover, Plaintiff does not

3   allege that he was treated differently from others similarly situated.  Plaintiff

4   alleges only a single instance in which he complained about a trailer, and had to

5   wait "days" for a response.[9]  (Complaint ¶¶ 84-85.)

6   Accordingly, if Plaintiff chooses to amend his complaint, he should allege

7   additional facts to support the elements of an equal protection claim.

8   ## VI.

9   ## SECOND CAUSE FOR CONSPIRACY UNDER 42 U.S.C. §§ 1983, 1985

10   In his second cause of action, Plaintiff alleges conspiracies under 42

11   U.S.C. §§ 1983, 1985.

12   **A.     Section 1983**

13   "To establish the defendants' liability for a conspiracy, a plaintiff must

14   demonstrate the existence of an agreement or meeting of the minds to violate

15   constitutional rights."  *Mendocino Environmental Center v. Mendocino County*,

16   192 F.3d 1283, 1301 (9th Cir. 1999) (citations and internal quotation marks

17   omitted).  "The defendants must have, by some concerted action, intend[ed] to

18   accomplish some unlawful objective for the purpose of harming another which

19   results in damage."  *Id.* (citations, footnote, and internal quotation marks omitted).

20   "[A] showing that the alleged conspirators have committed acts that are unlikely

21   to have been undertaken without an agreement may allow a jury to infer the

22   existence of a conspiracy."  *Id.* (citation and internal quotation marks omitted).

23   "To be liable, each participant in the conspiracy need not know the exact details

24   of the plan, but each participant must at least share the common objective of the

25   conspiracy."  *Id.* at 1302 (citation and internal quotation marks omitted).

26   ///

27   _____

28   [9] Plaintiff's other complaints are outside the limitations period and
therefore not actionable.  (Opposition at 7 (citing Complaint ¶¶ 46, 63-65).)

1    Plaintiff alleges no facts that support the existence of an agreement among

2    the defendants to violate his constitutional rights.  If Plaintiff chooses to amend

3    his complaint, he must allege sufficient facts that support the elements of a

4    conspiracy.

5    **B.    Section 1985**

6    "To bring a [conspiracy] cause of action successfully under § 1985(3), a

7    plaintiff must allege and prove four elements:  (1) a conspiracy; (2) for the

8    purpose of depriving, either directly or indirectly, any person or class of persons

9    of the equal protection of the laws, or of equal privileges and immunities under

10   the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is

11   either injured in his person or property or deprived of any right or privilege of a

12   citizen of the United States."  *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536

13   (9th Cir. 1992) (citation  omitted). "[T]he second of these four elements requires

14   that in addition to identifying a legally protected right, a plaintiff must demonstrate

15   a deprivation of that right motivated by some racial, or perhaps otherwise class-

16   based, invidiously discriminatory animus behind the conspirators' action."  *Id.*

17   (citation and internal quotation marks omitted).

18   Plaintiff has not alleged the elements of a section 1985 conspiracy claim.

19   The mere allegation of a conspiracy without factual specificity is insufficient.

20   *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 626 (9th Cir.

21   1988).

22   **VII.**

23   **THIRD CAUSE OF ACTION FOR SUPERVISORY LIABILITY**

24   Plaintiff's third cause of action alleges that the City failed to train its

25   employees.  (Complaint ¶ 158.)  A plaintiff "must demonstrate a conscious or

26   deliberate choice on the part of a municipality in order to prevail on a failure to

27   train claim."  *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) (citation and internal

28   quotation marks omitted).  The "standard is objective in that it does permit a fact

16

1   finder to infer constructive notice of the risk where it was obvious - but this is

2   another way of saying that there needs to be some evidence that tends to show a

3   conscious choice." *Id.* (internal quotation marks omitted).

4        Plaintiff alleges a failure to train Nevarez.[10]  Plaintiff does not, however,

5   allege sufficient facts as to the elements of a failure-to-train claim.  Accordingly, if

6   Plaintiff chooses to amend his complaint, he should allege sufficient facts to

7   satisfy the elements of his failure to train claim.

8                                      **VIII.**

9                         **INDIVIDUAL DEFENDANTS**

10        "Liability under § 1983 must be based on the personal involvement of the

11   defendant." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (citation

12   omitted), *cert. denied*, 525 U.S. 1154 (1999).  A person may also be liable if the

13   actor "set[s] in motion a series of acts by others which the actor knows or

14   reasonably should know would cause others to inflict the constitutional injury."

15   *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

16        "A supervisor is only liable for constitutional violations of his subordinates if

17   the supervisor participated in or directed the violations, or knew of the violations

18   and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.

19   1989).

20        The complaint contains no factual allegations about Defendants Lowe,

21   McBride, Christy, Dana, Chief of Police, Masyzcek, and Trabing.

22        Although there are factual allegations against Defendants Van Arsdale,

23   Searl, and Flannery, there is no actionable or even potentially actionable conduct

24   alleged against them in the limitations period.

25   ////

26

27        [10]   Plaintiff makes similar allegations as to Flannery, but those allegations
     are insufficient because they are based on conduct that took place outside the
28   limitations period.  (Complaint ¶¶ 48, 63.)

1   If Plaintiff chooses to amend his complaint, he should allege facts that tie

2   each individual defendant to an actionable constitutional violation within the

3   limitations period.

4                                       IX.

5                      **SUPPLEMENTAL PLEADING**

6          Plaintiff has not made a formal motion to supplement his complaint.  In his

7   opposition brief, and again at the hearing, Plaintiff indicated that he is

8   contemplating filing claims based on conduct that occurred subsequent to the

9   filing of the complaint.  At the hearing, Plaintiff informed the Court that these new

10  claims would be state law claims, *i.e.*, defamation and privacy violations.[11]

11  Plaintiff lists three claims in his papers:  (1) a defamation claim based on

12  something Defendant Lowe said at a council meeting; (2) the release of Plaintiff's

13  name to a third-party after Plaintiff filed a code complaint; and (3) the release of

14  Plaintiff's name to a third-party after Plaintiff made a public records request.

15  (Opposition at 12-13.)  Defendants have not had an opportunity to respond.

16  Nevertheless, this Court includes a discussion of supplemental pleadings.

17         Fed. R. Civ. P. 15(d) provides that "[o]n motion and reasonable notice, the

18  court may, on just terms, permit a party to serve a supplemental pleading setting

19  out any transaction, occurrence, or event that happened after the date of the

20  pleading to be supplemented."  "[D]enial of leave to file a supplemental pleading

21  is addressed to the sound discretion of the District Court."  *U.S. for Use of Atkins*

22  *v. Reiten*, 313 F.2d 673, 675 (9th Cir. 1963).  A motion under Rule 15(d) may be

23  denied if the new claims bear "little or no relationship to the original pleading."  6A

24  ///

25  _____

26  [11]   At the hearing, Plaintiff also addressed the fact that he listed intentional
    infliction of emotional distress and negligence in the caption of his complaint but

27  failed to set out any factual allegations or causes of action within the body of the
    complaint.  Plaintiff says he will include these two causes of

28  action in his amended complaint and restrict his factual allegations to conduct
    that occurred during the limitations period.

1    Wright, Miler & Kane, *Federal Practice and Procedure: Civil 2d* § 1510, at 208 (2d

2    ed. 1990) (footnote omitted).

3         Should Plaintiff decide to file a motion for leave to file a supplemental

4    pleading, Plaintiff should be guided by these legal principles.

## X.

## RECOMMENDATION

7         For the reasons discussed above, it is recommended that the District Court

8    issue an Order (1) adopting this Report and Recommendation, (2) granting

9    Defendants' motion to dismiss the claims based on time-barred conduct with

10   prejudice; and (3) granting Defendants' motion to dismiss the remainder of the

11   claims with leave to amend.

14   DATED:  May 29, 2008

ALICIA G. ROSENBERG
United States Magistrate Judge