1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
9                        CENTRAL DISTRICT OF CALIFORNIA
10
11   HOWARD TOUNGET,                    )      NO. EDCV 08-464-SGL (AGR)
12              Plaintiff,              )
13        v.                           )
14   CITY OF HEMET, et al.             )      ORDER ADOPTING
                                       )      MAGISTRATE JUDGE'S
15              Defendants.            )      REPORT AND
                                       )      RECOMMENDATION
16                                     )
17   _____)

18        Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de*

19   *novo*, including the complaint; the Magistrate Judge's Report and

20   Recommendation ("R&R"); Plaintiff's Objections filed on February 17, 2009; and

21   the records and files.

22        Plaintiff objects that the Magistrate Judge did not address the Fourth

23   Amendment in his Fifth Claim for relief.  (Objections at 3-6.)  Plaintiff states that

24   he mentioned the Fourth Amendment on the caption page of the First Amended

25   Complaint ("FAC") in connection with the Fifth Claim but, due to a "clerical error,"

26   inadvertently omitted any reference to it in the body of the FAC.  (*Id.* at 3.)  The

27   R&R addressed the First, Fifth and Fourteenth Amendments set forth in the Fifth

28   Claim for relief.  (R&R at 5-12; FAC at 41.)

1    The Objections set forth two legal theories under the Fourth Amendment:

2  (1) excessive force; and (2) unreasonable seizure.  (Objections at 3.)

3    Plaintiff does not state a claim for relief based on excessive force.  In

4  *Graham v. Connor*, 490 U.S. 386, 388, 109 S. Ct. 1865, 104 L. Ed. 2d 443

5  (1989), the Supreme Court held that "a free citizen's claim that law enforcement

6  officials used excessive force in the course of making an arrest, investigatory

7  stop, or other 'seizure' of his person . . . [is] properly analyzed under the Fourth

8  Amendment's 'objective reasonableness' standard."  "[S]ome degree of physical

9  coercion or threat thereof" to effect the seizure of the person is necessary.  *Id.* at

10  396.  The determination of the reasonableness of the force used "requires a

11  careful balancing" of different interests.  *Id.*

12    Here, Plaintiff alleges that five police officers and four code officers showed

13  up to tow Plaintiff's trailers from a public location on March 8, 2007.  (FAC at 36

14  ¶¶ 129-132.)  Plaintiff does not allege any physical coercion or threat.[1]  (*Id.* at 37-

15  40 ¶¶ 134-161.)  There is no allegation that the officers pointed guns at Plaintiff,

16  handcuffed Plaintiff, or detained Plaintiff.[2]  The Fifth Claim does not state a claim

17  for excessive force.  Nor do the Objections disclose any basis on which Plaintiff

18  could amend the Fifth Claim to state a claim for excessive force.

19    Plaintiff will be granted leave to allege a violation of the Fourth Amendment

20  based on unreasonable seizure.  The Fourth Amendment protects people from

21  unreasonable searches and seizures of "their persons, houses, papers, and

22

23    [1]  Plaintiff alleges only a threat to tow the trailers.  To the extent Plaintiff is
attempting state a claim for excessive force against his property based on

24  damage from towing in February or March 2007, such a claim is not cognizable
under the Fourth Amendment.  *See Bailey v. Duesler*, 2006 U.S. Dist. LEXIS

25  86722, at *15 n.1 (S.D. Cal. 2006); *Burgess v. West*, 817 F. Supp. 1520, 1529 (D.
Kan. 1993) ("We know of no cases holding that excessive force against property

26  rises to the level of a constitutional violation.").

27    [2]  Although Plaintiff states he is asserting an excessive force claim based
on the February 2007 towing, the FAC does not allege that Plaintiff was present

28  at the towing, let alone that Defendants physical coerced or threatened him.
(FAC at 12, 34 ¶¶ 115-117.)

2

1   effects." Automobiles are considered "effects." *South Dakota v. Opperman*, 428

2   U.S. 364, 367, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976). "A 'seizure' of property .

3   . . occurs when 'there is some meaningful interference with an individual's

4   possessory interests in that property.'" *Soldal v. Cook County*, 506 U.S. 56, 61,

5   113 S. Ct. 538, 121 L. Ed. 2d 450 (1992) (citation omitted).

6        "Police will also frequently remove and impound automobiles which violate

7   parking ordinances and which thereby jeopardize both the public safety and the

8   efficient movement of vehicular traffic.  The authority of police to seize and

9   remove from the streets vehicles impeding traffic or threatening public safety and

10   convenience is beyond challenge." *Opperman*, 428 U.S. at 368-69; *Schneider v.*

11   *County of San Diego*, 28 F.3d 89, 92 (9th Cir. 1994) (seizure of vehicles in open

12   field in abatement of public nuisance pursuant to state's police power); *Scofield v.*

13   *City of Hillsborough*, 862 F.2d 759, 763-64 (9th Cir. 1988) (towing unregistered

14   vehicles); cf. *Miranda v. City of Cornelius*, 429 F.3d 858, 864 n.4 (9th Cir. 2005)

15   (impound of vehicle from owner's driveway).

16        Accordingly, Plaintiff is granted leave to amend his Fifth Claim to allege

17   unreasonable seizure in violation of the Fourth Amendment.  The Court

18   expresses no view as to the sufficiency of Plaintiff's allegations. **Plaintiff is**

19   **cautioned that leave to amend is not granted to add other parties, or to add**

20   **or amend any other claims.**

21        Plaintiff's other objections have no merit.

22        IT IS HEREBY ORDERED that

23        (1) the Report and Recommendation is adopted;

24        (2) Defendants' motion to dismiss with prejudice the First Claim; the

25   Second Claim; the Third Claim; the Fifth Claim to the extent it is based on

26   substantive due process, the Fifth Amendment, and 42 U.S.C. § 1985; the Sixth

27   Claim; the first Seventh Claim; and the second Seventh Claim is GRANTED;

28

1    (3) Defendants' motion to dismiss the Fourth Claim and the Fifth Claim to

2  the extent it is based on procedural due process, First Amendment retaliation,

3  and equal protection is DENIED;

4    (4) Defendants McBride, Christy, Dana, Masyzcek, Trabing, Burke Williams

5  & Sorensen, and the Hemet City Council are TERMINATED;

6    (5) Defendants' motion to strike the FAC at 15, lines 3-6, 11; 18 ¶ 31; 20-21

7  ¶¶ 44-47; 23 ¶¶ 51-58; 24 ¶¶ 61-62; 27 ¶¶ 71-73; 28 ¶¶ 74-78; 29 ¶¶ 81-86; and

8  30 ¶ 87 is GRANTED;

9    (6) Plaintiff is GRANTED leave to amend the Fifth Claim to allege

10  unreasonable seizure in violation of the Fourth Amendment.  The Second

11  Amended Complaint must be filed and served on counsel for the remaining

12  defendants within thirty days of the date of this Order, bear the docket number

13  assigned in this case, be labeled "Second Amended Complaint," and be complete

14  in and of itself without reference to a previous complaint or any other pleading,

15  attachment, or document; and

16    (7) In all other respects, Plaintiff's requests for leave to amend are

17  DENIED.

18

19  DATED: _2-24-09_.

20                                      STEPHEN G. LARSON
                                        United States District Judge

21

22

23

24

25

26

27

28

4

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

12 HOWARD TOUNGET,                          )          NO. EDCV 08-464-SGL (AGR)
                                           )
13          Plaintiff,                     )
                                           )
14          v.                             )
                                           )          REPORT AND
15 CITY OF HEMET, et al.,                  )          RECOMMENDATION OF UNITED
                                           )          STATES MAGISTRATE JUDGE
16          Defendants.                    )
                                           )
17 ──────────────────────────── )

18          The Court submits this Report and Recommendation to the Honorable

19 Stephen G. Larson, United States District Judge, pursuant to 28 U.S.C. § 636

20 and General Order No. 05-07 of the United States District Court for the Central

21 District of California.  For the reasons set forth below, the Magistrate Judge

22 recommends that Defendants' motion to dismiss be granted in part and denied in

23 part, and that Defendants' motion to strike be granted.

24 ///

25 ///

26 ///

27 ///

28 ///

1

**I.**

2

**SUMMARY OF PROCEEDINGS**

3      On November 15, 2007, Plaintiff filed a complaint in Riverside Superior

4  Court.  On April 4, 2008, Defendants removed the case to this Court.  The

5  complaint alleged three causes of action: (1) violation of free speech, due

6  process, and equal protection under 42 U.S.C. § 1983; (2) conspiracy in violation

7  of 42 U.S.C. §§ 1983, 1985; and (3) supervisory liability.

8      On June 24, 2008, the District Judge entered an Order Adopting Magistrate

9  Judge's Report and Recommendation ("R&R" "Order").  (Dkt. No. 21.)  The Order

10  granted Defendants' motion to dismiss the complaint, holding that the "statute of

11  limitations bars Plaintiff's three causes of action to the extent they are based on

12  conduct that occurred before November 15, 2005."  (*Id.*)  The Order "granted

13  leave to amend the first, second and third causes of action in accordance with the

14  Report and Recommendation."  (*Id.*)

15      On July 24, 2008, Plaintiff filed a First Amended Complaint ("FAC") adding

16  one new defendant and five new claims.  The FAC's eight claims are: (1)

17  conspiracy to violate civil rights; (2) free speech; (3) intentional infliction of

18  emotional distress; (4) discrimination and selective prosecution; (5) violation of

19  federal civil rights, 42 U.S.C. §§ 1983, 1985, 1988, under the First, Fifth, and

20  Fourteenth Amendments; (6) supervisory liability for violation of federal civil

21  rights; (7) loss of liberty (violation of federal civil rights); and (8) vicarious liability.

22      On August 11, 2008, Defendants filed a motion to dismiss the FAC and a

23  motion to strike portions of the FAC.  (Dkt. Nos. 23-24.)  On September 2, 2008,

24  Plaintiff filed an opposition.  (Dkt. No. 26.)  On September 9, 2008, Defendants

25  filed a reply.  (Dkt. No. 28.)  On September 16, 2008, a hearing was held.

26      The matter was taken under submission is ready for decision.

27

28

2

1

## II.

2

## DEFENDANTS IN FAC[1]

3

Plaintiff names the following defendants:  City of Hemet ("City"); Hemet City

4  Council; Lori Van Arsdale, City Council Member; Robin Lowe, City Council

5  Member; Mark Searl, City Council Member and City Mayor; Eric McBride, City

6  Council Member; Brian Christy, City Council Member; Ricardo Dana, Chief of

7  Police of the Hemet Police Department ("HPD"); Dean Evans, HPD Lieutenant;

8  Joe Nevarez, HPD Sergeant; Matt Hess, HPD Officer; Jeremy Harris, HPD

9  Officer; Tim Brewer, HPD Officer; Richard Masyzcek, Planning Director for the

10  City Code Enforcement Department ("CED"); Mark Trabing, CED Supervisor;

11  Greg Flannery, Senior Code Enforcement Officer for City; Lionel Martinez, Code

12  Enforcement Officer for City; Chauncey Cummings, Code Enforcement Officer for

13  City; Amerigo Giordano, Code Officer for City; Rod Fuller, Code Enforcement

14  Officer for City; and the law firm of Burke, Williams & Sorensen ("Burke

15  Williams").[2]  Plaintiff does not state in what capacity, individual and/or official, he

16  is suing the individual defendants.

17

## III.

18

## STANDARD OF REVIEW

19

A court may dismiss a claim upon a motion of the defendants or on its own

20  pursuant to FRCP Rule 12(b)(6) for "failure to state a claim upon which relief can

21  be granted."  *Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981).  To survive a

22  motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts

23  to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v.*

24

25   [1]  The FAC is 52 pages plus exhibits.  Some paragraphs are numbered but
not others, the paragraphs are not numbered consecutively, and some numbers
26  are duplicated.  Therefore, in citing the FAC, this court will use the following
format: FAC at ___ [page], ¶ ___ [paragraph number where applicable].
27

28   [2]  John Davidson, City Manager, is not named as a defendant in the FAC
and was therefore terminated as a defendant.

3

1  *Twombly*, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "Factual allegations

2  must be enough to raise a right to relief above the speculative level."  *Id.* at 1965.

3  The complaint must give defendants fair notice of what the claim is and the

4  grounds upon which the claim rests.  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200

5  (2007).

6       In reviewing a complaint under this standard, the court must accept as true

7  the allegations of the complaint and construe the pleading in the light most

8  favorable to the plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S. Ct.

9  1843, 23 L. Ed. 2d 404 (1969).  However, the "court is not required to accept

10  legal conclusions cast in the form of factual allegations if those conclusions

11  cannot reasonably be drawn from the facts alleged."  *Clegg v. Cult Awareness*

12  *Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  A court also "need not accept as

13  true allegations contradicting documents that are referenced in the complaint or

14  that are properly subject to judicial notice."  *Lazy Y Ranch Ltd. v. Behrens*, 546

15  F.3d 580, 588 (9th Cir. 2008).

16       On a motion to dismiss, a court may properly consider material submitted

17  as exhibits to the complaint.  *Hal Roach Studios v. Richard Feiner & Co.*, 896

18  F.2d 1542, 1555 (9th Cir. 1990).  A court may also take judicial notice of

19  complaints, court orders, and judgments filed in another litigation.  *Kourtis v.*

20  *Cameron*, 419 F.3d 989, 995 n.3 (9th Cir. 2005); *Shaw v. Hahn*, 56 F.3d 1128,

21  1129 n.1 (9th Cir. 1995).  "[A] court may consider a writing referenced in a

22  complaint but not explicitly incorporated therein if the complaint relies on the

23  document and its authenticity is unquestioned."  *Swartz v. KPMG LLP*, 476 F.3d

24  756, 763 (9th Cir. 2007).

25       In a pro se civil rights case, the complaint must be construed liberally to

26  afford the plaintiff the benefit of any doubt.  *Alvarez v. Hill*, 518 F.3d 1152, 1158

27  (9th Cir. 2008).  Before dismissing a pro se civil rights complaint for failure to

28  state a claim, the plaintiff should be given a statement of the complaint's

4

1  deficiencies and an opportunity to cure them unless it is absolutely clear the

2  deficiencies cannot be cured by amendment. *Id.* at 623-24; *see also Cato v.*

3  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

4                                    IV.

5                **FIFTH CLAIM: SECTIONS 1983, 1985, 1988**

6        "To state a claim for relief under section 1983, [a plaintiff] must plead two

7  essential elements: 1) that the Defendants acted under color of state law; and 2)

8  that the Defendants caused [the plaintiff] to be deprived of a right secured by the

9  Constitution and laws of the United States." *Johnson v. Knowles*, 113 F.3d 1114,

10  1117 (9th Cir. 1997).

11        Plaintiff alleges violation of his First, Fifth, and Fourteenth Amendment

12  rights. (FAC at 41 ¶ 140.)  Plaintiff claims that Defendants' conduct violated "his

13  right to free speech, due process, and equal protection." (*Id.* at 41 ¶ 140, 42 ¶

14  142.)  He also claims that Defendants' conduct violated his "substantive due

15  process right to liberty." (*Id.* at 42 ¶ 141.)

16        The due process and equal protection components of the Fifth Amendment

17  apply only to the federal government. *See Bingue v. Prunchak*, 512 F.3d 1169,

18  1174 (9th Cir. 2008).  Plaintiff does not name any federal actors as defendants.  It

19  is recommended that Plaintiff's claim based on violation of Fifth Amendment

20  rights be dismissed with prejudice.

21        Plaintiff does not identify the specific acts that form the basis of the Fifth

22  Claim.  The only acts that are not time-barred and *might* form the basis of the

23  Fifth Claim are:  (1) the January 2007 towing; (2) the February 2007 towing; and

24  (3) the March 2007 towing.[3]

25

26

27        [3] To the extent Plaintiff also relies on the verbal warning at a city council

28  meeting, that claim is rejected for the reasons stated in the discussion of
   Plaintiff's Second Claim.

## A.   Procedural Due Process

The Ninth Circuit stated that "[w]e have never held that municipalities must always notify vehicle owners before towing." *Clement v. City of Glendale*, 518 F.3d 1090, 1096 (9th Cir. 2008).  The lack of a pre-towing *hearing* does not violate due process.[4]  *Scofield v. City of Hillsborough*, 862 F.2d 759, 762 (9th Cir. 1988).

Due process does not require advance notice before towing a car that is unregistered for more than one year from the date on which it is found parked on a public street.  *Id.* at 764.  "By towing unregistered vehicles, the government removes these automobiles from the public streets, encourages owners to maintain automobile registration, and deters owners from violating state registration laws.  If notice had to be given before a car with a year-old registration could be towed, it is likely the car would simply be driven away."  *Id.* at 763-64.

The Ninth Circuit's decision in *Scofield* reviewed precedent indicating that due process does not require advance notice before towing a car that is illegally parked.  *Id.* at 762-63.

The Ninth Circuit recently considered whether defendants violated a constitutional right to due process by impounding a car that was parked in violation of a valid PNO (planned non-operation) certificate.[5]  *Clement*, 518 F.3d

---

[4]   "[I]n situations where a predeprivation hearing is unduly burdensome in proportion to the liberty interest at stake . . . postdeprivation remedies might satisfy due process."  *Zinermon v. Burch*, 494 U.S. 113, 132, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990).

[5]   "[I]dentification of the specific dictates of due process generally requires consideration of three distinct factors:  First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."  *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).

6

1   at 1092-93.  In *Clement*, the plaintiff parked her car in her residential hotel
2   parking lot.  *Id.* at 1092.  She no longer operated the car but instead had filed a
3   PNO certificate ("PNO") with the DMV.  *Id.*  The Glendale Police towed the car,
4   believing that the car was parked in a public lot.  *Id.*

5        The court in *Clement* held that the plaintiff's due process rights were
6   violated and "that the government must attempt to notify the owner of a vehicle
7   parked in violation of a valid PNO certificate before the government may tow and
8   impound it."  *Id.* at 1095-96.  Due process "do[es] not prescribe a particular
9   procedure for giving notice; it is up to the government to develop a policy that will
10  result in sufficient notice being given to car owners before impoundment."  *Id.* at
11  1095 n.9.  In addition, "there are numerous exceptions to the general rule" of
12  giving notice.  *Id.* at 1093.  "The government need not give notice in an
13  emergency, nor if notice would defeat the entire point of the seizure, nor when the
14  interest at stake is small relative to the burden that giving notice would impose."
15  *Id.* at 1093-94.

16       The *Clement* and *Scofield* courts described "a due process requirement
17  that notice be given . . . before police could tow apparently abandoned vehicles
18  that are otherwise legally parked."  *Id.* at 1096; *Scofield*, 862 F.2d at 764 ("giving
19  a pre-towing notice to the owner of an apparently abandoned vehicle encourages
20  removal of the car from its place of repose, which is the government interest such
21  a notice seeks to advance").

22              **1.    January 9, 2007 Towing**

23       The previous R&R found that Plaintiff alleged sufficient facts to state a
24  procedural due process violation based on the January 9, 2007 towing.  (R&R at
25  12-13, Dkt. No. 19.)  The FAC alleges that, on January 9, 2007, Defendant
26  Nevarez towed Plaintiff's  trailer from a city "public parking lot that had no signage
27  limiting parking."  (FAC at 30 ¶ 91.)  The trailer had a valid and current
28  registration, and Plaintiff was the registered owner.  (*Id.* ¶ 93; *Id.* at 31 ¶ 97.)

1   Defendant Nevarez stated that he towed the trailer because it was abandoned,

2   no one had given Plaintiff permission to park it in the lot, and the trailer "was a

3   public hazard and had unsecured load for transport or travel on the highway or

4   streets." (*Id.* ¶ 95.) Nevarez knew Plaintiff was the registered owner. (*Id.* at 32 ¶

5   100.) Plaintiff alleges he did not receive notice in advance of the tow. (*Id.* ¶ 101.)

6               **2.     February 16, 2007 Towing**

7           The FAC alleges that defendants Giordano, Cummings, and Martinez

8   towed Plaintiff's Toyota pick-up truck from private property on February 16, 2007.

9   (*Id.* at 34 ¶¶ 115-17.) Plaintiff alleges he received no advance notice of the

10  towing. (*Id.* at 35 ¶¶ 122.)

11          The previous R&R stated the legal standards governing civil rights

12  complaints based on towing allegations and stated that, if Plaintiff chose to

13  amend the complaint, he must allege whether the truck was registered and

14  whether the truck was lawfully parked. (R&R at 10-13, Dkt. No. 19.) The FAC

15  alleges that Plaintiff "believed" it to be lawfully parked on private property but

16  does not state that Plaintiff owns the private property, had permission to park on

17  that private property, or any basis for his belief. (FAC at 12.) The FAC does not

18  allege that the truck was registered. As discussed above, due process does not

19  require advance notice before towing a vehicle that is not lawfully parked and/or

20  unregistered for more than one year. *Scofield*, 862 F.2d at 764.

21          However, the FAC further alleges that the truck was destroyed without a

22  hearing. (*Id.* at 12.) Plaintiff appears to allege that he requested a hearing on

23  March 20 or March 29, 2007, and that Davidson responded on April 17, 2007,

24  denying the appeal hearing and stating that the submitted pink slip did not prove

25  legal ownership of the truck. (FAC at 40-41 ¶¶ 162-64.) Defendants' motion

26  does not address this portion of the FAC. Accordingly, at this stage of the

27  proceedings, Plaintiff has sufficiently alleged a procedural due process claim

28

                                        8

1  based on destruction of the truck.  *See Schneider v. County of San Diego*, 28
2  F.3d 89, 93 (9th Cir. 1994).

3              **3.    March 8, 2007 Towing**

4        Plaintiff alleges that on March 8, 2007, Defendants Evans, Nevarez, Hess,
5  Harris, Brewer, Martinez, Fuller, Giordano, and Cummings impounded two trailers
6  from "behind a local tire shop." (FAC at 36 ¶¶ 130-31.)

7        The previous R&R advised Plaintiff of the legal standards for a procedural
8  due process violation and that, if he chose to amend, he must allege a failure to
9  give advance notice, and whether the trailers were lawfully parked.  (R&R at 10-
10  13, Dkt. No. 19.)  The FAC alleges defective notice as opposed to a failure to give
11  advance notice.  (FAC at 37-38 ¶¶ 139-146.)  Plaintiff affirmatively alleges he was
12  present at the time of the impoundment, thus establishing actual notice.  (*Id.* at 37
13  ¶ 135.)  The defective notice alleged in the FAC is not sufficient to state a claim
14  for procedural due process.  The issue is whether Defendants violated due
15  process requirements, not whether Defendants violated state or municipal laws
16  regarding the elements of notice.  *See Clement*, 518 F.3d at 1095 n.9.

17        The FAC alleges that Plaintiff was permitted to take the registered trailer.
18  (*Id.* at 39 ¶ 150.)  However, one unregistered trailer was towed and later
19  destroyed.  (*Id.* at 13.)  The FAC alleges that Plaintiff did not receive a post
20  towing appeal hearing.[6]  (*Id.* at 26.)  Defendants' motion does not address this
21  portion of the FAC.  Accordingly, at this stage, Plaintiff has sufficiently alleged a
22  procedural due process claim based on destruction of the trailer.

23        **B.    Free Speech - Retaliation**

24        "To establish a First Amendment retaliation claim . . . a plaintiff must show
25  that (1) he was engaged in a constitutionally protected activity, (2) the defendant's

26  _____

27        [6]  The FAC does not specifically allege that Plaintiff requested a hearing
     pursuant to applicable statutes, codes or ordinances.  However, the Court
28  construes the FAC liberally to raise an inference of an appropriate request.  To be
     clear, the Court makes no finding as to whether a request was in fact made.

9

1   actions would chill a person of ordinary firmness from continuing to engage in the

2   protected activity and (3) the protected activity was a substantial or motivating

3   factor in the defendant's conduct." *Pinard v. Clatskanie School Dist. 6J*, 467 F.3d

4   755, 770 (9th Cir. 2006).  The burden then shifts to the government to show that it

5   would have taken the same action even in the absence of the protected conduct.

6   *Id.*

7           Plaintiff does not clearly allege which acts were retaliatory, or what

8   constitutionally protected activity formed the basis for retaliation.  However,

9   liberally construing his claim, Plaintiff is apparently alleging that the towings and

10  the destruction of his vehicles constituted the retaliatory acts, and that his

11  previous complaints and activities constitute the protected activity.  For example,

12  he alleges he "believes that Lowe and Van Arsdale have retaliated against

13  Tounget for his protected free speech in his complaints against what he thought

14  to be their violation of City law." (FAC at 15.)

15          Accordingly, at this stage, Plaintiff has sufficiently alleged a retaliation

16  claim.

17          **C.**   **Equal Protection**

18          Plaintiff alleges that his right to equal protection was violated because

19  Defendants treated him "differently from other individuals similarly situated in the

20  community." (FAC at 42 ¶ 142.)  To state an equal protection claim, Plaintiff must

21  allege that he "has been intentionally treated differently from others similarly

22  situated and that there is no rational basis for the difference in treatment." *Village*

23  *of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060

24  (2000).  "A class of one plaintiff must show that the discriminatory treatment "'was

25  intentionally directed just at him, as opposed . . . to being an accident or a

26  random act.'" *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir.

27  2008) (citation omitted).

28

1   More recently, the Supreme Court indicated that a "class of one" claim may
2   have limited application in challenges to "discretionary decisionmaking." *Engquist*
3   *v. Oregon Department of Agriculture*, 128 S. Ct. 2146, 2154, 170 L. Ed. 2d 975
4   (2008). For example, a traffic officer stationed on a busy highway may see many
5   people driving over the speed limit with no basis upon which to distinguish them.
6   "But allowing an equal protection claim on the ground that a ticket was given to
7   one person and not others, even if for no discernible or articulable reason, would
8   be incompatible with the discretion inherent in the challenged action." *Id.*

9   The previous R&R stated that Plaintiff could not base an equal protection
10  claim on prosecutions against him outside the limitations period.[7] (R&R at 15 n.9,
11  Dkt. No. 19.) Plaintiff must allege that Defendants failed to cite others in "similarly
12  situated" circumstances to one or more of the 2007 towings.

13  Plaintiff alleges that "others . . . park and store personal property" at "the
14  very same location" from which his trailer was towed on March 8, 2007. (FAC at
15  27 ¶ 70.) Plaintiff further alleges that "other vehicles parked in that same address
16  and in the same area" in the same time frame. (*Id.* at 26.) At this stage of the
17  proceedings, Plaintiff's allegations are sufficient to state an equal protection claim
18  based on the March 8, 2007 towing.

19  **D.    Substantive Due Process**

20  "[I]n a [substantive] due process challenge to executive action, the
21  threshold question is whether the behavior of the governmental officer is so
22  egregious, so outrageous, that it may fairly be said to shock the contemporary
23  conscience." *County of Sacramento v. Lewis*, 523 U.S. 833, 847 n. 8, 118 S. Ct.
24  1708, 140 L. Ed. 2d 1043 (1998). "[T]he due process guarantee does not entail a

25

26  [7]   Thus, Plaintiff's allegations with respect to violations of Hemet
27  ordinances by others are irrelevant. (*See, e.g.,* FAC at 24-25 ¶¶ 62-65
    (recycling); 25 ¶ 67 (dismantling of cars problems with outdoor storage); 25 ¶ 68
28  (property improvements without permits); 28 ¶ 79 (advertising); 30 ¶¶ 87-90
    (code enforcement).)

11

1 | body of constitutional law imposing liability whenever someone cloaked with state
2 | authority causes harm." *Id.* at 848. "[C]onduct intended to injure in some way
3 | unjustifiable by any government interest is the sort of official action most likely to
4 | rise to the conscience-shocking level." *Id.* at 849.

5 | Plaintiff does not allege conduct that can reasonably be said to shock the
6 | conscience. *E.g., Shanks v. Dressel*, 540 F.3d 1082, 1088-89 (9th Cir. 2008).
7 | Plaintiff's allegation that Defendants' "constant acts of harassment of Tounget . . .
8 | shock the conscience" is conclusory. (FAC at 42 ¶ 141.)

9 | It is recommended that Plaintiff's substantive due process claim be
10 | dismissed with prejudice. The R&R provided Plaintiff with a detailed explanation
11 | of what would be required to state a substantive due process claim. Given that
12 | Plaintiff has again failed to allege adequate facts, dismissal with prejudice is
13 | appropriate. *See Chang v. Chen*, 80 F.3d 1293, 1301 (9th Cir. 1996), *overruled*
14 | *on other grounds by Odom v. Microsoft Corp.*, 486 F.3d 541, 551 (9th Cir. 2007)
15 | (en banc).

16 | **E.   Section 1985**

17 | Plaintiff alleges a conspiracy to violate his civil rights. (FAC at 42 ¶ 143.)
18 | The FAC fails to state a claim for the reasons discussed below in connection with
19 | Plaintiff's first claim. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d
20 | 621, 626 (9th Cir. 1988).

21 | **V.**

22 | **FIRST CLAIM: CONSPIRACY TO VIOLATE CIVIL RIGHTS**

23 | Plaintiff alleges a conspiracy to violate civil rights without specifying
24 | whether the claim is brought under 42 U.S.C. § 1983 or § 1985.

25 | **A.   42 U.S.C. § 1983**

26 | "To establish the defendants' liability for a conspiracy, a plaintiff must
27 | demonstrate the existence of an agreement or meeting of the minds to violate
28 | constitutional rights." *Mendocino Environmental Center v. Mendocino County*,

1    192 F.3d 1283, 1301 (9th Cir. 1999) (citations and internal quotation marks

2    omitted). "The defendants must have, by some concerted action, intend[ed] to

3    accomplish some unlawful objective for the purpose of harming another which

4    results in damage." *Id.* (citations, footnote, and internal quotation marks omitted).

5    "[A] showing that the alleged conspirators have committed acts that are unlikely

6    to have been undertaken without an agreement may allow a jury to infer the

7    existence of a conspiracy." *Id.* (citation and internal quotation marks omitted).

8    "To be liable, each participant in the conspiracy need not know the exact details

9    of the plan, but each participant must at least share the common objective of the

10   conspiracy." *Id.* at 1302 (citation and internal quotation marks omitted).

11           "[A] bare assertion of conspiracy will not suffice." *Twombly*, 127 S. Ct. at

12   1966. "[A] conclusory allegation of agreement at some unidentified point does

13   not supply facts adequate to show illegality." *Id.* A plaintiff must plead "enough

14   factual matter (taken as true) to suggest that an agreement was made." *Id.* at

15   1965. A court is not bound to accept as true a legal conclusion that is couched

16   as a factual allegation. *Id.* at 1964-65 ("plaintiff's obligation to provide the

17   'grounds' of his 'entitle[ment] to relief' requires more than labels and

18   conclusions").

19           Plaintiff alleges a conspiracy to deprive him of free speech, due process,

20   and equal protection as secured by the First, Fifth, and Fourteenth Amendments.

21   (FAC at 8 ¶ 26.) As discussed above, Plaintiff does not name any federal actors

22   as defendants and, therefore, does not have a Fifth Amendment claim. *Bingue*,

23   512 F.3d at 1174.

24           The only actionable factual allegations in support of the alleged conspiracy

25   are the towing incidents in 2007. (FAC at 10-14 ¶ 26.) Although the FAC is not

26   clear, Plaintiff appears to allege that Lowe and Van Arsdale, two members of the

27   city council, conspired to have Plaintiff's personal property towed in retaliation for

28   Plaintiff's complaints about them in city council meetings, court, and elsewhere.

13

1    (*Id.*)  The Ninth Circuit has left open the question of whether individual members

2    of a single government entity can form a conspiracy and, if so, under what

3    circumstances.  *See Portman v. County of Santa Clara*, 995 F.2d 898, 910 (9th

4    Cir. 1993).  Nevertheless, Plaintiff does not plead "enough factual matter (taken

5    as true) to suggest that an agreement was made. *Twombly*, 127 S. Ct. at 1965.

6    Plaintiff's conclusory allegation of conspiracy and a motive to conspire is not

7    sufficient. *Id.* at 1971 & n.10.

8        It is recommended that Plaintiff's conspiracy claim under § 1983 be

9    dismissed with prejudice.  The previous R&R provided Plaintiff with a detailed

10   explanation of what would be required to state a conspiracy.  Given that Pliantiff

11   has again failed to allege adequate facts, dismissal with prejudice is appropriate.

12   *See Chang*, 80 F.3d at 1301.

13       **B.   42 U.S.C. § 1985**

14       "To bring a [conspiracy] cause of action successfully under § 1985(3), a

15   plaintiff must allege and prove four elements:  (1) a conspiracy; (2) for the

16   purpose of depriving, either directly or indirectly, any person or class of persons

17   of the equal protection of the laws, or of equal privileges and immunities under

18   the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is

19   either injured in his person or property or deprived of any right or privilege of a

20   citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536

21   (9th Cir. 1992) (citation  omitted).  "[T]he second of these four elements requires

22   that in addition to identifying a legally protected right, a plaintiff must demonstrate

23   a deprivation of that right motivated by some racial, or perhaps otherwise class-

24   based, invidiously discriminatory animus behind the conspirators' action." *Id.*

25   (citation and internal quotation marks omitted);; *see Griffin v. Breckenridge*, 403

26   U.S. 88, 102, 91 S. Ct. 17990, 29 L. Ed. 2d 338 (1971) (there "must be some

27

28

                                    14

1  racial, or perhaps otherwise class-based, invidiously discriminatory animus

2  behind the conspirators' action").

3       The complaint does not allege that the conspiracy among the defendants

4  was motivated by any race or other class-based discriminatory animus.

5  Accordingly, Plaintiff's § 1985 conspiracy claim fails. *See Burns v. County of*

6  *King*, 883 F.2d 819, 821 (9th Cir. 1989).

7       It is recommended that Plaintiff's conspiracy claim under § 1985(3) be

8  dismissed with prejudice.  The R&R provided Plaintiff with a detailed explanation

9  of what would be required to state a claim under § 1985(3).  Given that Plaintiff

10  has again failed to allege adequate facts, dismissal with prejudice is appropriate.

11  *See Chang*, 80 F.3d at 1301.

12                                    **VI.**

13               **SECOND CLAIM: FREE SPEECH/RETALIATION**

14       "To establish a First Amendment retaliation claim . . . a plaintiff must show

15  that (1) he was engaged in a constitutionally protected activity, (2) the defendant's

16  actions would chill a person of ordinary firmness from continuing to engage in the

17  protected activity and (3) the protected activity was a substantial or motivating

18  factor in the defendant's conduct." *Pinard*, 467 F.3d at 770.  The burden then

19  shifts to the government to show that it would have taken the same action even in

20  the absence of the protected conduct. *Id.*  This claim is based upon events at a

21  city council meeting. *See Kindt v. Santa Monica Rent Control Board*, 67 F.3d 266

22  (9th Cir. 1995) (city council and board meetings fit more neatly into nonpublic

23  forum niche).

24       The complaint alleges that Plaintiff has exercised his First Amendment

25  rights to sue city officials, criticize officials at city council meetings, and file written

26  complaints with the city manager and city attorney. (FAC at 15-17.)  On June 10,

27  2008, Plaintiff spoke out at a city council meeting against the city's employment of

28  council member Lowe's spouse.  The complaint alleges that, after the next

                                    15

1   council meeting on June 24, 2008, the city attorney told him that he "broke the
2   city's rules of decorum for speaking at the last meeting, and if I got up to speak
3   later at this meeting that I would . . . get a warning." (*Id.* at 15-16.)  The city
4   attorney later on that same day said that if Plaintiff "was going to speak [at the
5   7:00 p.m. meeting], Tounget would get a warning beforehand about the meeting
6   of June 10's comments." (*Id.*)  Plaintiff did not speak at the June 24, 2008
7   meeting. (*Id.*)  However, Plaintiff did speak at the city council meeting on July 22,
8   2008.  The complaint alleges that Plaintiff was given the warning about breaking
9   the decorum rules on June 10, 2008, and then Plaintiff spoke about the matters at
10  issue. (*Id.*)

11          The complaint does not allege a sufficient retaliatory action.  *See Nunez v.*
12  *City of Los Angeles*, 147 F.3d 867, 875 (9th Cir. 1998) (bad mouthing and verbal
13  threat insufficient to state First Amendment claim).  There is no allegation that a
14  verbal warning about violation of decorum rules at a past meeting would affect
15  Plaintiff's ability to attend or speak at a current or future meeting.  Indeed, Plaintiff
16  affirmatively alleges that he did attend and speak at a city council meeting after
17  being given the warning. "It would be the height of irony, indeed, if mere speech,
18  in response to speech, could constitute a First Amendment violation." *Id.*; *see*
19  *Coszalter v. City of Salem*, 320 F.3d 968, 975 (9th Cir. 2003) (discussing minor
20  acts that cannot reasonably be expected to deter protected speech).

21          It is recommended that Plaintiff's retaliation claim be dismissed with
22  prejudice.  This claim cannot be amended to state a viable claim for relief.
23                                    **VII.**
24  **THIRD CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
25          Intentional infliction of emotional distress requires allegations of "(1)
26  extreme and outrageous conduct by the defendant with the intention of causing,
27  or reckless disregard of the probability of causing, emotional distress; (2) the
28  plaintiff's suffering severe or extreme emotional distress; and (3) actual and

16

1   proximate causation of the emotional distress by the defendant's outrageous
2   conduct." *Christensen v. Superior Court*, 54 Cal. 3d 868, 903, 2 Cal. Rptr. 2d 79
3   (1991) (citation and quotation marks omitted).  Outrageous conduct is conduct
4   "so extreme as to exceed all bounds of that usually tolerated in a civilized
5   community." *Davidson v. City of Westminster*, 32 Cal. 3d 197, 209, 185 Cal.
6   Rptr. 252 (1982).

7        It is for the court to determine whether conduct may reasonably be
8   regarded as so extreme and outrageous as to permit recovery. *Fowler v. Varian*
9   *Associates*, 196 Cal. App. 3d 34, 44, 241 Cal. Rptr. 539 (1987).  The court has
10  reviewed the allegations, which include unlawful towing, legal disagreements, and
11  the city's failure to act on Plaintiff's numerous complaints. (FAC at 18-22 ¶¶ 31-
12  49.)  The conduct that Plaintiffs alleges is not the type of conduct that is required
13  to support a claim for intentional infliction of emotional distress.

14        It is therefore recommended that Plaintiff's intentional infliction claim be
15  dismissed with prejudice.  The Court can discern no way in which the Third Claim
16  can be successfully amended.

17                              **VIII.**
18  **FOURTH CLAIM: DISCRIMINATION AND SELECTIVE PROSECUTION**

19        Plaintiff's selective prosecution claim presumably arises under the Equal
20  Protection Clause under the Fourteenth Amendment.  "'[T]he conscious exercise
21  of some selectivity in enforcement is not in itself a federal constitutional
22  violation.'" *BordenKircher v. Hayes*, 434 U.S. 357, 364, 98 S. Ct. 663, 54 L. Ed.
23  2d 604 (1978) (citation omitted); *Freeman v. City of Santa Ana*, 68 F.3d 1180,
24  1188 (9th Cir. 1995) (same).  Plaintiff must allege (1) Defendants did not take
25  action against others similarly situated to Plaintiffs; and (2) the selective action
26  against Plaintiff "was deliberately based upon an unjustifiable standard such as
27  race, religion, or other arbitrary classification." *BordenKircher*, 434 U.S. at 364
28  (citation and quotation marks omitted).

1    Plaintiff's selective prosecution appears duplicative of his equal protection

2    claim based on a "class of one" theory of liability.  At this stage of the

3    proceedings, Plaintiff states a claim for the same reasons stated in connection

4    with Plaintiff's equal protection claim.

### IX.

### SIXTH CLAIM: SUPERVISORY LIABILITY

7    Plaintiff's sixth claim alleges that the City failed to train its employees.

8    (FAC at 44.)  Plaintiff alleges violation of his First, Fifth, and Fourteenth

9    Amendment rights.  (FAC at 44.)

10    As discussed above, the due process and equal protection components of

11   the Fifth Amendment apply only to the federal government. *See Bingue*, 512 F.3d

12   at 1174.  Plaintiff does not name any federal actors as defendants.  It is

13   recommended that Plaintiff's claim based on violation of Fifth Amendment rights

14   be dismissed with prejudice.

15    A city does not have respondeat superior liability for the conduct of its

16   employees. *Long v. City & County of Honolulu*, 511 F.3d 901, 907 (9th Cir. 2007)

17   (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L.

18   Ed. 2d 611 (1978)), *cert. denied*, 129 S. Ct. 62 (2008).

19    A claim based on a city's failure to train requires allegations that (1) Plaintiff

20   was deprived of a constitutional right; (2) "the City had a training policy that

21   amounts to deliberate indifference to the [constitutional] rights of the persons with

22   whom [its police officers] are likely to come into contact"; and (3) Plaintiff's

23   constitutional injury would have been avoided had the City properly trained those

24   officers. *Blankenhorn v. City of Orange*, 485 F.3d 463, 484 (9th Cir. 2007)

25   (internal quotation marks omitted).  A plaintiff "must demonstrate a conscious or

26   deliberate choice on the part of a municipality in order to prevail on a failure to

27   train claim." *Price v. Sery*, 513 F.3d 962, 973 (9th Cir. 2008) (citation and internal

28   quotation marks omitted).  The "standard is objective in that it does permit a fact

1  finder to infer constructive notice of the risk where it was obvious - but this is
2  another way of saying that there needs to be some evidence that tends to show a
3  conscious choice." *Id.* (internal quotation marks omitted).

4        Plaintiff's allegations are circular.  The FAC alleges that individual
5  employees violated his constitutional rights; therefore, the employees must not
6  have been trained properly (FAC at 45 ¶ 153) or the City must have created an
7  atmosphere of approval (*Id.* at 44-45 ¶ 152).  The deprivation of a constitutional
8  right does not, without more, support an inference of either a training policy or a
9  conscious or deliberate choice on the part of the City.

10        It is recommended that Plaintiff's supervisory claim be dismissed with
11  prejudice.  The previous R&R provided Plaintiff with a detailed explanation of
12  what would be required to state a supervisory liability claim.  Given that Plaintiff
13  has again failed to allege adequate facts, dismissal with prejudice is appropriate.
14  *See Chang*, 80 F.3d at 1301.

15  **X.**

16  **FIRST SEVENTH CLAIM: LOSS OF LIBERTY**

17        Plaintiff's first claim labeled the "seventh" alleges a violation of his First,
18  Fifth, and Fourteenth Amendment rights.  (FAC at 45.)  Again, as discussed
19  above, the due process and equal protection components of the Fifth Amendment
20  apply only to the federal government. *See Bingue*, 512 F.3d at 1174.  Plaintiff
21  does not name any federal actors as defendants.  It is recommended that
22  Plaintiff's claim based on violation of Fifth Amendment rights be dismissed with
23  prejudice.

24        Although Plaintiff styles this claim as a "loss of liberty," he is apparently
25  alleging that Defendants have deprived him of his ability to move throughout the
26  community freely without fear of having his vehicles towed.  (FAC at 46.)

27        A freedom of movement claim arises when a person has been
28  unreasonably seized "by means of physical force or a show of authority" in

19

1   violation of the Fourth Amendment. *See United States v. Mendenhall*, 446 U.S.

2   544, 553, 100 S. Ct. 1870, 64 L. Ed. 2d 497 (1980). Plaintiff does not make such

3   a claim within the limitations period.

4         Nor do Plaintiff's allegations implicate the right to interstate travel because

5   of Plaintiff's subjective fear that his vehicles may be towed. *See Miller v. Reed*,

6   176 F.3d 1202, 1206 (9th Cir. 1999) (denial of a driver's license does not violate

7   the right to interstate travel; there is no fundamental right to drive); *see also*

8   *Dallas v. Stanglin*, 490 U.S. 19, 25, 109 S. Ct. 1591, 104 L. Ed. 2d 18 (1989) ("we

9   do not think the Constitution recognizes a generalized right of 'social

10   association'").

11         It is recommended that Plaintiff's "loss of liberty" claim be dismissed with

12   prejudice. The Court can discern no way in which the first Seventh Claim can be

13   successfully amended to state a claim.

14   XI.

15   **SECOND SEVENTH CLAIM: VICARIOUS LIABILITY**

16         Plaintiff's second claim labeled the "seventh" is directed solely against the

17   law firm Burke Williams. (FAC at 47.) The FAC alleges that the City Attorney,

18   Eric Vail, is employed by Burke Williams. (*Id.* at 48.) The FAC alleges that Vail

19   and another attorney have "vicariously given their approval and permission with

20   regards to the violations of Tounget's civil rights." (*Id.*) Burke Williams is alleged

21   to profit from its bills to the City for Vail's work. (*Id.*) The FAC alleges that Burke

22   Williams is "vicariously liable for the poor advise (sic) given to city employees into

23   thinking that it was OK to violate Tounget's civil rights over and over again on

24   many fronts." (*Id.* at 49.)

25         Defendants are correct that there is no vicarious liability for § 1983 claims.

26   *See Collins v. City of Harker Heights*, 503 U.S. 115, 123, 112 S. Ct. 1061, 117 L.

27   Ed. 2d 261 (1992) ("*Respondeat superior* or vicarious liability will not attach under

28   § 1983.") (citation and quotation marks omitted).

20

1        As explained in the previous R&R, "[l]iability under § 1983 must be based

2   on the personal involvement of the defendant." *Barren v. Harrington*, 152 F.3d

3   1193, 1194 (9th Cir. 1998).  Burke Williams' profit from the work of Vail and

4   Morgan does not constitute personal involvement in a § 1983 violation.  (FAC at

5   48-49.)  Therefore, it is recommended that Plaintiff's vicarious liability claim

6   against Burke Williams be dismissed with prejudice.

7   **XII.**

8   **MOTION TO STRIKE ALLEGATIONS OF MISCONDUCT PRIOR TO**

9   **NOVEMBER 15, 2005**

10       As noted in the Summary of Proceedings, the statute of limitations barred

11  Plaintiff's claims "to the extent they are based on conduct that occurred before

12  November 15, 2005." (Dkt. No. 21.)  Nonetheless, the FAC re-alleges the time-

13  barred allegations in the original complaint and sometimes removes the dates.

14  Defendants move to strike the time-barred allegations of the FAC.  *See Fantasy,*

15  *Inc. v. Fogerty*, 984 F.2d 1524, 1528-29 (9th Cir. 1993) (motion to strike may be

16  based on a pleading or matters of which a court can take judicial notice), *rev'd on*

17  *other grounds*, 510 U.S. 517 (1994).

18       A court may strike surplusage or time-barred allegations in the complaint

19  pursuant to Fed. R. Civ. P. 12(f).  *See Hearns v. San Bernardino Police*

20  *Department*, 530 F.3d 1124, 1132 (9th Cir. 2008) ("One option would have been

21  to simply strike the surplusage from the FAC"); *Fantasy*, 984 F.2d at 1527

22  (affirming district court's striking of time-barred allegations).

23       Plaintiff does not dispute that the identified portions of the complaint

24  occurred before November 15, 2005.  Plaintiff states that he "only makes

25  reference and does not base any claim on matters before Nov. 15, 2005."

26  (Opposition at 2.)  Yet the 52-page complaint does not indicate that the time-

27  barred allegations are merely background.  Given the length of the complaint, the

28

21

1    fact that Plaintiff omitted certain applicable dates in the FAC, and to avoid any

2    confusion, Defendants' motion to strike should be granted.

3         Plaintiff argues that the time-barred allegations are relevant and

4    foundational to his claims. (*See, e.g., id.* at 7.)  The fact that Plaintiff's claims are

5    barred by the statute of limitations does not mean that all time-barred evidence is

6    automatically rendered inadmissible as background to a timely claim. *E.g., Lyons*

7    *v. England*, 307 F.3d 1092, 1110 (9th Cir. 2002).  Whether particular evidence is

8    admissible is not at issue at this stage of the proceedings, and this Court

9    expresses no view on that subject.  At this stage, a complaint is required to

10   contain "a short and plain statement of the claim showing that the pleader is

11   entitled to relief" and not all of the evidence in a case.  Fed. R. Civ. P. 8(a).

12        Therefore, it is recommended that Defendants' motion to strike be granted

13   as to the following portions:

14        FAC at 15, lines 3-6, 11

15        FAC at 18 ¶ 31

16        FAC at 20-21 ¶¶ 44-47

17        FAC at 23 ¶¶ 51-58

18        FAC at 24 ¶¶ 61-62

19        FAC at 27 ¶¶ 71-73

20        FAC at 28 ¶¶ 74-78

21        FAC at 29 ¶¶ 81-86

22        FAC at 30 ¶ 87

23                          **XIII.**

24                     **DEFENDANTS**

25        The following defendants should be terminated from the case:  McBride,

26   Christy, Dana, Masyzcek, Trabing, Burke Williams,[8] and the Hemet City  Council.

27   _____

28        [8] The allegations against Burke Williams involve only the second Seventh
     Claim of Vicarious Liability, which is being dismissed.

                              22

1   There are no factual allegations involving McBride,[9] Christy,[10] Dana,[11]

2   Masyzcek,[12] Trabing or the Hemet City Council (as distinguished from certain

3   individual members).[13]

## XIV.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the District Court

issue an Order –

(1) adopting this Report and Recommendation;

(2) granting Defendants' motion to dismiss with prejudice the First Claim;

the Second Claim; the Third Claim; the Fifth Claim to the extent it is based on

substantive due process, the Fifth Amendment, and 42 U.S.C. § 1985; the Sixth

Claim; the first Seventh Claim; and the second Seventh Claim;

(3) denying Defendants' motion to dismiss the Fourth Claim; and the Fifth

Claim to the extent it is based on procedural due process, First Amendment

retaliation, and equal protection;

(4) terminating Defendants McBride, Christy, Dana, Masyzcek, Trabing,

Burke Williams & Sorensen, and the Hemet City Council;

(5) granting Defendants' motion to strike the following portions of the FAC:

FAC at 15, lines 3-6, 11; FAC at 18 ¶ 31; FAC at 20-21 ¶¶ 44-47; FAC at 23 ¶¶

---

[9]  The only reference to McBride is conclusory.  (FAC at 14.)

[10]  The only reference to Christy is conclusory.  (FAC at 14.)

[11]  The only allegation involving Dana is that on January 10, 2007, Plaintiff filed a written complaint concerning the "personal vendetta" by the City.  (FAC at 19 ¶ 39, 33 ¶ 106.)

[12]  The only allegations involving Masyzcek are (1) that he is a member of the Rotary Club (FAC at 28 ¶ 80) and (2) on January 10, 2007, Plaintiff filed a written complaint concerning the "personal vendetta" by the City.  (FAC at 33 ¶ 106.)

[13]  The only allegation involving Trabing is that on January 10, 2007, Plaintiff filed a written complaint with the City.  (FAC at 33 ¶ 106.)

23

51-58; FAC at 24 ¶¶ 61-62; FAC at 27 ¶¶ 71-73; FAC at 28 ¶¶ 74-78; FAC at 29 ¶¶ 81-86; and FAC at 30 ¶ 87; and

     (6) requiring Plaintiff to promptly serve counsel for the remaining defendants with a copy of the First Amended Complaint.

DATED: January 28, 2009

ALICIA G. ROSENBERG
United States Magistrate Judge

24

1

<u>NOTICE</u>

2      Reports and Recommendations are not appealable to the Court of Appeals,

3   but are subject to the right of any party to file Objections as provided in the Local

4   Rules Governing Duties of Magistrate Judges, and review by the District Judge

5   whose initials appear in the docket number.  No Notice of Appeal pursuant to the

6   Federal Rules of Appellate Procedure should be filed until entry of the Judgment

7   of the District Court.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

25